LEONARDO M. RAPADAS
United States Attorney
MARIVIC P. DAVID
Assistant U.S. Attorney
Sirena Plaza Suite 500
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334
Attorneys for United States of America

FILED
DISTRICT COURT OF GUAM

MAY - 3 2005

MARY L.M. MORAN
CLERK OF COURT

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) MAGISTRATE CASE NO. 05-00016 |
| Plaintiff, | ) |
| vs. | ) **PLEA AGREEMENT** |
| JOON HYUN HA, | ) |
| Defendant. | ) |

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, JOON HYUN HA, enter into the following plea agreement:

1. The defendant, JOON HYUN HA, agrees to enter a guilty plea to an Information charging him with Improper Entry by an Alien, in violation of Title 8 U.S.C. § 1325(a)(3), a misdemeanor.

2. The defendant, JOON HYUN HA, understands that the <u>maximum</u> sentence for Improper Entry by an Alien is imprisonment for up to six months, a fine of up to $5,000.00 and a $10 special assessment fee which must be paid immediately upon sentencing. Any sentence imposed shall include a term of supervised release of not more than one (1) year in addition to such term of imprisonment, as well as, such restitution as the court may order. If the defendant violates a condition of supervised release at any time prior to the expiration of such term, defendant also understands a sentence of supervised release could be revoked during the term of such supervised release, thereby resulting in the additional incarceration of defendant for up to

one (1) year. In exchange for the defendant's timely guilty plea, the parties agree that the following is the appropriate disposition of this case: that defendant receive a sentence of time served; immediately pay a $3,000 fine and a $10 special assessment fee; serve an unsupervised release term of one year with standard conditions, which also will include that defendant be turned over to a duly authorized immigration official for removal or deportation proceedings pursuant to procedures provided by the Immigration and Nationality Act. As a further condition of supervised release, if ordered removed or deported, the defendant shall remain outside and shall not re-enter the United States without the permission of the Attorney General or his successor. The parties agree to waive the need for a presentence investigation report, since sufficient information in the record exists to enable the court to meaningfully exercise its sentencing authority. The parties also agree to request for immediate sentencing after the entry of the guilty plea. The government makes this recommendation based on its understanding that defendant is an illegal alien and subject to removal by the U.S. Department of Homeland Security.

      3. The defendant understands that to establish a violation of improper entry by an alien under 8 U.S.C. §1325(a)(3), the government must prove each of the following elements beyond a reasonable doubt:

> First, that on about April 24, 2005 in the District of Guam, the defendant knowingly and intentionally attempted to enter the United States;
>
> Second, that defendant's attempted entry into the United States was by defendant's willfully false and misleading representation, and willful concealment of a material fact; and
>
> Third, the defendant is an alien and not a citizen of the United States.

      4. The defendant understands that the sentencing guidelines do not apply to this offense. The government and the defendant stipulate to the following facts for purposes of sentencing:

      a. The defendant was born on 1973, and is a citizen of the Republic of Korea, and not of the United States.

2

  b. On April 24, 2005, the defendant arrived in Guam as a passenger on board Korean Airlines Flight KE805. The defendant and his wife traveled to Guam to celebrate their honeymoon. The defendant attempted to unlawfully enter the United States when he applied as a tourist under the Guam Visa Waiver program. In support of such application for entry into the United States, the defendant completed Form I-736, Guam Visa Waiver Information and signed it on April 23, 2005. On this form, he indicated that he had not been arrested or convicted for any offense or crime, and he had not been deported from the United States within the last five years which were material, false and misleading representations. In fact, defendant, as he then well knew, was previously arrested and convicted in Seoul, Korea sometime during February 1998 for assault, and previously arrested and convicted in the U.S. District Court for the District of Alaska (CR00016) on about February 17, 2000 for simple assault within special aircraft jurisdiction of the United States. Defendant also knew that he had been previously removed or deported from the United States which was effected on February 21, 2001, at the Dulles Airport in Virginia.

  c. The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the sentence. The defendant acknowledges that should there be discrepancies in the final sentence projected by his counsel or any other person, such discrepancy is not a basis to withdraw his guilty plea.

  5. The defendant waives any right to appeal or to collaterally attack this conviction but reserves the right to appeal the sentence imposed in this case.

  6. The defendant understands and agrees that the government has bargained for a criminal conviction arising from his criminal conduct. If at any time defendant's guilty plea or conviction is rejected, withdrawn, vacated or reversed, for whatever reason, or is rendered invalid for any reason, or if any change of law renders the conduct for which he was convicted to be non-criminal, defendant agrees that he will enter a guilty plea to another charge encompassing the same or similar conduct. In such event, defendant waives any objections, motions or defenses

3

based upon the Statute of Limitations, Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

7. The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

    a. The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

    b. His right to be represented by an attorney;

    c. His right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

    d. That if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, he waives, that is, gives up, the right to a trial;

    e. That, upon entry of a plea of guilty, or thereafter, the Court may ask him questions about the offenses to which he has pled, under oath, and that if he answers these questions under oath, on the record, his answers may later be used against him in prosecution for perjury or false statement if an answer is untrue;

    f. That he agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

    g. That he has had this agreement translated for him into his native language, and he fully understands it;

    h. Because this plea is entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the defendant understands that he may not withdraw his guilty plea even if the court does not accept the sentencing recommendations of the government or his counsel;

i. The defendant is satisfied with the representation of his lawyer and feels that his lawyer has done everything possible for his defense.

DATED: 5/2/05

JOON HYUN HA
Defendant

DATED: 5/2/05

KIM SAVO
Assistant Federal Public Defender
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and CNMI

DATED: 4-29-05    By:

MARIVIC P. DAVID
Assistant U.S. Attorney

DATED: 4-29-05

RUSSELL C. STODDARD
First Assistant U.S. Attorney